Citation Nr: 1722240 
Decision Date: 06/15/17 Archive Date: 06/29/17

DOCKET NO. 12-14 259 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Cleveland, Ohio


THE ISSUE

Entitlement to service connection for a bilateral hammertoe disability.


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

J. Tunis, Associate Counsel


INTRODUCTION

The Veteran served on active duty from November 1967 to November 1970.

This matter comes to the Board of Veteran's Appeals (Board) on appeal from a June 2010 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Cleveland, Ohio.

In March 2016, the Veteran testified during a Board videoconference hearing before the undersigned Veterans Law Judge (VLJ); a transcript of the hearing has been associated with the record.

This appeal was processed using the Virtual VA and Veterans Benefits Management System (VBMS) paperless claims processing systems.

In September 2016, the Board remanded the issue of entitlement to service connection for a bilateral hammertoe disability. However, as will be discussed further below, the Board finds that an additional remand is necessary for further development.

In September 2016, the Board also reopened the Veteran's claim for entitlement to service connection for a fungus infection of the feet, and remanded the issue. Since the Board's September 2016 remand, the Veteran has been granted service connection for a fungus infection of the feet. Therefore, the Veteran's claim for entitlement to service connection for a fungus infection of the feet has been granted in full, and no further action or discussion of this claim is necessary.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.





REMAND

As noted in the Introduction, the Board previously remanded the Veteran's claim for entitlement to service connection for a bilateral hammertoe disability. The September 2016 remand directed the AOJ to schedule the Veteran for a VA examination to determine the etiology of the claimed bilateral hammertoe disability.

Accordingly, the Veteran was afforded a VA examination in November 2015. The examiner found a diagnosis of bilateral hammertoes, and opined to the following: "Regarding the diagnosis of hammertoes, I find this is less than 50% likely incurred in or caused by service. Evidence of this condition being diagnosed or treated is not evident in the STR."

Upon review, the Board finds that an addendum opinion regarding the nature and etiology of the Veteran's bilateral hammertoe disability is necessary. The Board notes that the November 2015 examiner supports his finding with the rationale that the Veteran's service treatment records are silent to a hammertoe disability or relevant treatment in service. 

On remand, the examiner is to address whether the Veteran's current bilateral hammertoe disability is related to his service, to include his experience wearing boots in Vietnam. At the March 2016 videoconference hearing, the Veteran testified that during his service in Vietnam he noticed that his boots were very tight and shrank after always being wet.

On remand, the VA examiner's attention is directed to a January 2010 correspondence from a private physician, which indicates that the Veteran has hammertoe deformities that are due to his "Vietnam exposure and conditions." The examiner is also directed to a May 2016 correspondence from a private physician, which states that the Veteran's hammertoe disability is "likely caused as a result of the poor Vietnam War conditions that he served in. The constantly wet and hot environment with poor feet (both) hygiene and many miles walking." Thus, it is specifically requested that the examiner consider all evidence of record, to include the above mentioned opinions from private physicians, and reconcile any contradictory evidence in a narrative report.

Accordingly, the case is REMANDED for the following action:

1. Return the claims file to the November 2015 VA examiner, or, if the examiner is unavailable, to another suitably qualified examiner, to provide an addendum VA medical opinion to address the claimed bilateral hammertoe disability. If it is determined that another examination is needed to provide the required opinions, the Veteran must be afforded the appropriate VA examination. The examiner must note that the claims file was reviewed. 

After a review of the claims file, the examiner must respond to the following: whether it is at least as likely as not that the Veteran's bilateral hammertoe disability was incurred in, or is otherwise related to, the Veteran's active service, to include the Veteran's experience in Vietnam wearing boots. See March 2016 videoconference hearing transcript. The examiner is to reconcile any conflicting opinions with the January 2010 and May 2016 opinions provided by private physicians.

A rationale for the opinion must be provided. 

2. Thereafter, readjudicate the issue on appeal. If the benefit sought on appeal remains denied, the Veteran and his representative should be provided with a Supplemental Statement of the Case (SSOC). The case should then be returned to the Board for further appellate review, if otherwise in order.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




_________________________________________________
H. N. SCHWARTZ
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).